## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## FORD BROTHERS, INC., Respondent.

No. 85-5248.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 3, 1986.

Decided March 19, 1986.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., Frances O'Connell and Howard Perlstein, Robert Hall (argued), Emil C. Farkas, Director, Region 9, N.L.R.B., Cincinnati, Ohio, for petitioner.

William C. Moul (argued), Columbus, Ohio, for respondent.

Before MARTIN and KRUPANSKY, Circuit Judges, and CHURCHILL,* District Judge.

---

* The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation.

PER CURIAM.

The National Labor Relations Board petitions for enforcement of its order issued against Ford Brothers, Inc. on November 26, 1984. The issue before us is whether substantial evidence in the record considered as a whole supports the Board's finding that Ford Brothers violated sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act, 29 U.S.C. 158(a)(1) and (5).

Ford Brothers is engaged in the interstate transportation of bulk liquid products by truck. The Company operates terminals in Marietta, Columbus, Cincinnati, and Coal Grove, Ohio, and in Kenova, West Virginia. Through its multiemployer bargaining agent, the Labor Relations Advisory Association, the Company entered into successive collective bargaining agreements with several of the International Brotherhood of Teamsters Locals, the latest of which was effective from November 15, 1979 to November 15, 1982. On January 16, 1981, Company officials met with Union representatives to discuss the Company's request for modifications to the collective bargaining agreement. This discussion led to another meeting between the Company and the Union's Joint State Committee on February 17, 1981. At that time the Union stated that the Joint State Committee had no authority to approve any modifications and referred the entire matter to the Central States Joint Area Committee. On February 22, 1981, the Company posted notices informing all of its Ohio-based drivers that a majority of the drivers had accepted the Company's proposed modifications, and that the modifications would be implemented for the March 1 workweek. On April 16, 1981, Local 159 sent the Company a letter stating that the Central States Committee had decided not to approve any changes to the agreement. The agreement originally called for a cost of living in-

crease and a wage increase on May 15, 1981, but the Company did not pay it. The Company also stopped complying with the agreement's guaranteed 48-hour workweek and refused to pay a cost of living and wage increase due, under the agreement, on November 15, 1981.

On these facts, the Board found, in agreement with the administrative law judge, that the Company violated section 8(a)(1) and 8(a)(5) of the Act by failing, as of May 15 and November 15, 1981, to adhere to certain terms in the collective bargaining agreement. The Board's order should be enforced by this Court if the Board's findings are supported by substantial evidence on the record considered as whole. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464–65, 95 L.Ed. 456 (1951). We believe that substantial evidence is present in this case, and therefore the petition is entitled to enforcement.

It is undisputed that the collective bargaining agreement required certain wage and cost of living increases and established a guaranteed 48-hour workweek. The record demonstrates that the Company, through its membership in the Advisory Association, was bound by the contract and was required to observe its terms. The Company does not dispute that it failed to pay the increases due on May 15 and November 15, 1981, and failed to honor the 48-hour workweek guarantee, and that it did so without the Union's consent. Such unilateral modification of an existing collective bargaining agreement violates section 8(a)(1) and 8(a)(5) of the Act. *See First National Maintenance Corp. v. NLRB*, 452 U.S. 666, 675, 101 S.Ct. 2573, 2579, 69 L.Ed.2d 318 (1981); *Chemical Workers v. Pittsburgh Plate Glass Co.*, 404 U.S. 157, 186, 92 S.Ct. 383, 401, 30 L.Ed.2d 341 (1971). This result is not altered by the fact that the Company obtained the approval of a majority of its employees for its proposed modifications, because at no time did the Company reach agreement with the various Teamster Locals on any changes, nor had it been authorized by the Central States Joint Area Committee to implement

those changes without prior approval. The Company's other contentions and defenses are without merit.

The petition is to be enforced.